GRAFF, et al., Respondents, v. BUDGETT, et al.,
Appellants

(299 N. W. 72.)

(File No. 8379. Opinion filed June 30, 1941.)
Rehearing Denied August 28, 1941.

**T. R. Johnson,** of Sioux Falls, for Appellants.
**Hugh S. Gamble,** of Sioux Falls, for Respondents.

POLLEY, P. J. This action grows out of conflicting interests in a tract of ground described in the record as Lot 1, in Gale's Subdivision of the West Half of Block "D" of Gale's Seventh Addition to Sioux Falls. Said tract of ground fronts 85.8 feet on the easterly side of Phillips Avenue and extends from said avenue easterly a distance of 158 feet; and is 69 feet wide on the easterly end. There is no alley or other driveway along the south side or east end of said tract of ground. The north side thereof is bounded by the right of way of the Omaha Railroad, and along the southerly portion of said railroad right of way a "private roadway" extends easterly from Phillips Avenue. One W. J. Budgett was the owner of said tract of ground and on the 8th day of May, 1913, he conveyed the south 41 feet of said ground, which for convenience herein we will call the south lot, to

George C. Budgett. The remainder of said tract fronting 44.8 feet on Phillips Avenue, and being 28 feet wide on the easterly end, will for convenience be hereinafter called the north lot. There is a dwelling house on the front end of the north lot which had been standing there more than thirty years prior to the commencement of this action; and on the northeast corner of said north lot stands a garage approximately 25 feet square and within 1.4 feet of the east boundary line of said lot.

The northeast corner of the said house is only 5 inches south of the boundary line of the said railroad right-of-way, and the south side of said house extends over and upon the south lot a distance of about 2 feet. The ownership of this 2 feet of ground was made an issue by the pleadings in this case, but before the trial defendants conceded the plaintiffs' right to this piece of ground, and the court by its judgment quieted the title thereto in the plaintiffs, and that portion of said judgment is hereby affirmed by this court.

On the 17th day of February, 1919, George C. Budgett conveyed the south lot to H. C. Park, and on the same day W. J. Budgett executed and delivered to the said H. C. Park an instrument in writing designated "Easement", which after reciting that the said W. J. Budgett had agreed to grant to said Park " an easement or right-of-way over said 'private road' and across the east end of the premises of the grantors to provide ingress and egress to the said grantee to the east end of his said premises"; granted unto the said Park his heirs, assigns and successors in interest the right, "to pass and repass along said 'private road' that is next to the right-of-way of the railroad of the width of 12 feet as egress and ingress from Phillips Avenue to the back end of grantees' property, and across the back end of the grantors' property, both of said properties having been heretofore described," said easement to be appurtenant to said south lot.

Plaintiffs and defendants are not in agreement as to where the right-of-way created by this "Easement" is located on the ground; plaintiffs contending that it granted to them a right-of-way over the northerly 12 feet of the

north lot throughout its entire length; while defendants contend that said right-of-way did not, and was not intended to, pass over any part of defendants' lot.

By its Finding of Fact No. 5 the trial court found that by the said easement executed by William J. Budgett and wife to H. C. Park, said Budgetts conveyed to said Park a right-of-way over and across the northerly portion of defendants' lot; said right-of-way beginning at Phillips Avenue and extending east along the north line of the said property and immediately next to the right-of-way of the Omaha Railroad for a width of 12 feet upon said grantors' property to the rear of said lot and thence across the rear portion of said lot south to the north line of the said south lot; and pursuant to said finding of fact the court made Conclusion of Law No. 2 as follows: That the plaintiffs are entitled to the use of an easement of the roadway on the property of the defendants (there is no evidence showing there was ever a roadway on defendants' property), beginning at Phillips Avenue and extending east on the north side of said property immediately adjacent to the right-of-way of said Omaha Railroad, to a width of 12 feet, upon the property of the defendants, to the rear of said property, and thence across the rear end thereof to a width of 12 feet, to the south line of defendants' property. Pursuant to said finding of fact and conclusion of law the court by its judgment decreed that the plaintiffs are the owners of an easement upon the property of the defendants consisting of a right-of-way to be used as a roadway, said easement beginning at Phillips Avenue and extending to the rear of said property to a width of 12 feet which roadway lies and is immediately adjacent to the right-of-way of the Omaha Railroad Company extending to the rear of the said property and thence south across the rear end of defendants' property of a width of 12 feet to the north line of the south lot. From this part of the judgment defendants appeal.

Defendants excepted to the finding of fact and conclusion of law upon which said judgment is based upon the ground that said finding of fact is not supported by the evidence. The exception is well taken, for the most diligent

search of the entire record fails to disclose any evidence that supports the finding of fact upon which said conclusion and judgment are based.

The undisputed evidence shows that at the time of the execution of the conveyance of the said easement there existed a "private road" running along upon the right-of-way of the said Railroad Company, easterly from the east side of Phillips Avenue. Just how far it extended eastwardly is not shown by the evidence nor is it shown how long it had been there. Just what part of the railroad right-of-way this "private road" occupied is not shown, but there is evidence in the record that very clearly indicates that in one place at least this road runs along close to the railroad track. But regardless of what part of the railroad right-of-way is occupied by the said "private road", plaintiffs' purported easement is identical therewith. The description of the right-of-way of the easement is simple and easily understood. It begins on the center line of the said "private road" where it leaves Phillips Avenue, and throughout its entire length does not vary from the center line of the said "private road" nor does it appear that at any place it intersects the easterly boundary line of the said north lot nor does it appear from the evidence that any part of the right-of-way of plaintiffs' easement projects over or upon any part of defendants' lot, and it is certain that it does not interfere with defendants' house, which is only 5 inches south of the boundary line of the railroad right-of-way, nor with defendants' garage on the east end of their lot, and which projects over the line into the railroad right-of-way a few inches, because the "private road" over which the easement extends was there and in use before the easement was created.

Because the said judgment is not supported by any evidence the same must be reversed and a new trial awarded. Other matters argued in the briefs may not arise on a second trial if the case should be tried again, therefore, it is unnecessary to consider or dispose of such matters on this appeal.

The part of the judgment appealed from is reversed.

ROBERTS, WARREN, and RUDOLPH, JJ., concur.

SMITH, J., not sitting.