GRAFF, et al, Respondents, v. BUDGETT, et al Appellants

(10 N. W.2d 764.)

(File No. 8551.   Opinion filed August 4, 1943.)

**T. R. Johnson,** of Sioux Falls, for Appellant.
**Hugh S. Gamble,** of Sioux Falls, for Respondents.

RUDOLPH, J.   This case was before the court on a prior occasion.   Graff et al. v. Budgett et al., 68 S. D. 123, 299 N. W. 72.   Following the former opinion the case was retried and the trial court entered judgment denying the plaintiff any right-of-way along the north side of defendants' property, but allowing plaintiff a right-of-way across the back end of defendants' property and defining such right-of-way by metes and bounds.   The defendant has appealed.   The only question now presented relates to the right-of-way across the back end of defendants' land as located by the trial court.

The deed of grant purporting to create the easement is as follows:

"Whereas the grantors are seized of an estate in fee simple possession of a parcel or lots described as the North 44 feet of Lot 1 in Gale's Subdivision of the W½ of Block 'D' of Gale's Seventh Addition to Sioux Falls, and

"Whereas, the grantee is seized in fee simple of the South 41 feet of Lot 1 in Gale's Subdivision of the W½ of Block 'D' of Gale's Seventh Addition to Sioux Falls, and

"Whereas, the said grantors have agreed in consideration of the sum of $1.00 in hand paid to grant an easement or right of way over said private road and across the East end of said premises of the grantors to provide ingress and egress to said grantee to the East end of his said premises,

"Now, therefore, the grantors hereby grant unto said H. C. Park, his heirs and assigns, full and free right for him or them, in common with all others having a like right, at all times hereafter, with or without vehicles, for all uses connected with the use of said premises of said grantee, to pass and repass along said private road that is next to the right of way of the Chicago, St. Paul, Minneapolis & Omaha Company and of the width of 12 feet as egress and ingress from Phillips Avenue to the back end of the grantee's property and across the back end of grantors' land, both of said properties having been heretofore described.

"To hold said easement to said H. C. Park, his heirs and assigns, as appurtenant to said land of H. C. Park."

Acknowledged February 17, 1919.

It is clear that by the deed of grant the parties intended to create a right-of-way at some point on the back end of the grantors' property. In referring to that portion of the description in the deed which purports to give a right-of-way across the back end of the grantors' land, we said in the prior opinion: "* * * it is certain that it does not interfere * * * with defendants' garage on the east end of their lot."

We believe the right-of-way granted across "the back end of grantors' land" by the deed is indefinite in location and has been treated so by the parties since the making of the deed. It should be noted that the description of the

right-of-way in the deed provides for such right-of-way "of the width of 12 feet" along the private road referred to in the deed. But the deed has no provision regarding the width of the right-of-way across the back end of grantors' land. The term "back end of grantors' land" was used in the deed, we believe, in a general way, and not with the intention of referring to the rear twelve feet of the grantors' lot. It is our opinion, therefore, that the location of the right-of-way in the deed was indefinite. It is apparent from the record that the parties did not consider the way definitely located by the deed. The facts disclose that at the time the deed was executed in 1919 a garage was located on the rear twelve feet of the land, and remained in that location until this action was commenced. Commencing in 1923 plaintiffs' predecessor in interest commenced driving across the back end of the grantors' lot at the approximate place that the trial court established the right-of-way in this action. The use of such right-of-way across the back end of grantors' land has continued since 1923 with the apparent consent of the grantors.

██ The right to a right-of-way being clear, but its location by the deed being indefinite, it was within the authority of the trial court to locate the way. 28 C. J. S., Easements, § 83, p. 763. Burnham v. Mahoney, 222 Mass. 524, 111 N. E. 396. In view of the entire record and the acts of parties in the use and acquiescence in the use of the driveway since 1923, we are of the opinion that the location as fixed by the trial court was reasonable and should not be disturbed by this court.

The judgment is affirmed.

ROBERTS, P.J., and WARREN and SMITH, JJ., concur.

POLLEY, J., dissents.

POLLEY, J. (dissenting). When this case was here on a former appeal a new trial was granted with the idea that on a second trial the plaintiffs would furnish data for locating the initial point of the survey. At the second trial the plaintiffs introduced in evidence as Exhibit 15, a map of the

entire premises. This map, which for convenience, is published with this dissenting opinion, shows a point on the east side line of Phillips Avenue about 6 feet north from the northwest corner of defendants' lot as the place of beginning of the survey; and running thence along the north line of defendants' lot a distance of 78 feet, (less than half the distance called for by the deed), thence in a southeasterly direction until it intersects the south boundary line of defendants' lot. This does not correspond with the description

in the deed. From the initial point the line of the easement runs along the north line of defendants' lot the entire length thereof to the east end of the lot, thence southerly along the east boundary line of defendants' lot until it intersects the south boundary line thereof. As used in the deed, this means a strip of ground 12 feet in width and bounded on the east side thereof by the east end line of defendants' lot. This will require the removal of defendants' garage before the easement as described in the deed can be used.

There is no authority in the deed for moving the right of way of the easement from the east end of the lot a distance of some 79 feet to the west. From the rear end of defendants' house back to the west side of their garage, a distance of about 50 feet or a little more, is a portion of the lot between the house and the garage, that appears always to have been vacant and unimproved ground, except that some time prior to the purchase of the easement by Park, this portion of defendants' lot had been terraced and made into a lawn; but as there was no obstacle in the way of his driving across the lot at that place, he used it as a matter of convenience; but he never had permission to use it from either of the defendants or the grantor of Park.

As above stated the trial court had no authority to establish a driveway across the lot at this place and the court should order the obstacle created by defendants' garage removed. By its decision the court has appropriated practically all of the rear half of defendants' lot to the plaintiff for a driveway.